[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10176
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00276-MMH-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW CHASE WILKIE,
agent of Andy,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 2, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Chase Wilkie appeals the concurrent prison sentences of 420 months imposed following his pleas of guilty to one count of racketeering, in violation of 18 U.S.C. § 1962(c), and one count of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d).  The Sentencing Guidelines prescribed prison sentences with the range of  292 to 365 months[1] but the District Court departed from that range under U.S.S.G. § 5K2.0 due to the serious nature of the racketeering activity the offenses involved, home invasions; Wilkie and his cohorts robbed the victims while they were at home.  The court indicated, in the alternative, that it would have imposed the same sentences notwithstanding  § 5K2.0 departure authority.

On appeal, Wilkie argues that the district court erred in departing from the Guidelines sentence range under § 5K2.0, because the underlying basis for the departure—robberies taking place at victims' homes—was not a permissible ground for a departure.  He also challenges his sentences as substantively unreasonable.

## I.

Several principles govern our resolution of this appeal.  For example, procedurally, when a district court bases a sentence upon multiple, independent grounds, the defendant must convince us that each enumerated ground is incorrect.

---

[1]  The Presentence Report correctly stated that the maximum sentence for each of these offenses was life imprisonment.

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  If the defendant does not adequately challenge one of the grounds, he is deemed to have abandoned any challenge he may have to that ground.  *Id.*

Substantively, section 5K2.0 authorizes the sentencing court to depart upwards from the applicable guideline range if the case involves an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission and fashioning the Guidelines.  U.S.S.G. § 5K2.0(a).  This authority aside, we review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct.586, 597, 169 L.Ed.2d 445 (2007).

In evaluating substantive reasonableness, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing set out in 18 U.S.C. § 3553(a).  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  Section 3553(a) instructs the district courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines sentence range, and whether the sentence imposed reflects the seriousness of the offense, deters future criminal conduct, and protects the public. 18 U.S.C. § 3553(a).

Even if a district court errs in applying the Guidelines or in departing upward, remand is unnecessary if such error did not affect the overall sentence

3

imposed: "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court [where] it has already told us that it would impose exactly the same sentence." *See United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006). However, in such a case, the overall sentence must still be reasonable. *Id.* at 1349.

We conclude that Wilkie's appeal fails for two reasons. First, his brief fails to take issue with the District Court's alternative holding, that it would have imposed the same sentences—as upward variances—even if a departure under § 5K2.0 were unavailable. Wilkie therefore abandoned any objection he may have had to the variances. *See Sapuppo*, 739 F.3d at 680. Second, even if we were to assume error in the court's § 5K2.0 departure, we should still affirm Wilkie's sentences under *Keene* because the record demonstrates that Wilkie's offense conduct included breaking into a home, holding a victim at gunpoint, tying her up, and ransacking her house for valuables. In sum, after considering that the District Court fully took into account the sentencing purposes set out in § 3553(a)(2), and the fact that the sentences are well below the maximum term prescribed by statute, we conclude that the sentences imposed are substantively reasonable.

AFFIRMED.

4